

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2005

# USA v. Armstrong

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Armstrong" (2005). *2005 Decisions.* Paper 414.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/414

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-389                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2333
_____

UNITED STATES OF AMERICA

v.

MICHAEL ARMSTRONG,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 99-cr-00603)
District Judge: Honorable Juan R. Sanchez
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 And I.O.P. 10.6
And On Appellant's Motion For A Certificate Of Appealability
Under 28 U.S.C. § 2253(c)(1)
September 29, 2005

Before:  RENDELL, FISHER AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  October 13, 2005)

_____

OPINION
_____

PER CURIAM

        Appellant Michael Armstrong, a federal prisoner, appeals the order of the United

States District Court for the Eastern District of Pennsylvania denying his motion under 28 U.S.C. § 2255 to vacate his sentence. The parties are familiar with the facts of the case, and we will not recount them at length. After a jury trial, Armstrong was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, possession with intent to distribute cocaine and cocaine base, and attempted possession and distribution of cocaine and cocaine base. Armstrong was sentenced to 300 months of imprisonment. This Court affirmed the conviction and sentence on May 29, 2003.

In August 2004, Armstrong then filed a motion under 28 U.S.C. § 2255 to vacate his sentence, raising a number of claims of ineffective assistance of counsel. Armstrong also claimed that his sentence is unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004), because his sentence was increased on the basis of judicial fact-finding using a preponderance of the evidence standard, rather than upon facts found beyond a reasonable doubt by the jury. In addition, Armstrong asserted that, under Shepard v. United States, 125 S. Ct. 1254 (2005), his sentence was unlawfully increased on the basis of a prior conviction not charged in the indictment nor found beyond a reasonable doubt by the jury.

By memorandum and order entered on March 30, 2005, the District Court denied the section 2255 motion, concluding that none of Armstrong's claims warrant relief. However, noting that Armstrong's Blakely claim was more appropriately addressed under United States v. Booker, 125 S. Ct. 738 (2005), which applied the Blakely rule to the

2

United States Sentencing Guidelines, the District Court granted a certificate of appealability as to Armstrong's <u>Booker</u> and <u>Shepard</u> claims. The District Court denied a certificate of appealability on Armstrong's ineffective assistance of counsel claims.

After Armstrong filed his notice of appeal, we decided <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005). We then asked the parties to submit written argument in support of, or in opposition to, summary affirmance. The parties have filed their responses. Armstrong has also filed a motion for a certificate of appealability regarding his claims of ineffective assistance of counsel, which we will construe as a motion to expand the scope of the certificate of appealability.

We held in <u>Lloyd</u> that the rule announced in <u>Booker</u> is a new rule of criminal procedure that is not retroactively applicable to cases on collateral review. <u>Lloyd</u>, 407 F.3d at 615-16. Thus, Armstrong is not entitled to relief under <u>Booker</u>. As for his similar claim regarding the fact of his prior conviction that was used to increase his sentence, we observe that Armstrong did not raise this claim in District Court until March 2005, months after the one-year period of limitations would have expired. <u>See</u> 28 U.S.C. § 2255. Armstrong relies on <u>Shepard</u>, which was decided on March 7, 2005. To the extent that he contends that his claim involves a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and thus section 2255's statute of limitations has not expired for this claim, we note that <u>Shepard</u> has not been made retroactive by the Supreme Court. <u>See Tyler v. Cain</u>, 533 U.S. 656, 663

3

(2001). In any event, Armstrong would not be entitled to relief. The Supreme Court in Blakely and Booker reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that other than the fact of a prior conviction, a fact that increases a criminal penalty beyond the prescribed statutory maximum must be admitted by the defendant or proved to a jury beyond a reasonable doubt. See Blakely, 124 S. Ct. at 2536; Booker, 125 S. Ct. at 756. Shepard involves what a court may and may not consider in determining whether a defendant's prior convictions qualify as predicate offenses for application of the Armed Career Criminal Act. Shepard's holding does not apply to Armstrong, and the rule of Apprendi applies. Because these issues present "no substantial question," see 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily deny relief on these claims.

We have carefully considered Armstrong's motion to expand the scope of the certificate of appealability to include his claims of ineffective assistance of counsel. We conclude that he has failed to make a "substantial showing of the denial of a constitutional right" on these claims. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Thus, we will deny the motion.