**F I L E D**

PUBLISH

**August 7, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

No. 05-4115

SAMUEL NEIL CHRISTENSEN,

    Defendant - Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**[*]
**(D.C. NOS. 2:05-CV-286-DAK and 2:03-CR-108-DAK)**

---

Samuel Neil Christensen, pro se.

Paul M. Warner, United States Attorney (Wayne T. Dance, Assistant United States Attorney), District of Utah, Salt Lake City, Utah, for the Plaintiff - Appellee.

---

Before **HARTZ**, **SEYMOUR** and **McCONNELL**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Samuel Neil Christensen pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). His sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), upon a finding by the sentencing judge that his prior arson conviction in Nevada was a "violent felony." Judgment was entered June 21, 2004. Mr. Christensen did not appeal his conviction. He did, however, file in the United States District Court for the District of Utah on March 31, 2005, a motion for habeas relief under 28 U.S.C. § 2255, contending that his sentence violated *United States v. Booker*, 543 U.S. 220 (2005), and *Shepard v. United States*, 544 U.S. 13 (2005). The district court denied the motion, ruling that *Booker* is not applicable to cases on collateral review and that whether a prior conviction constitutes a crime of violence is a question of law not implicated by *Booker*. The court did not specifically address *Shepard*. Mr. Christensen now seeks review in this court.

To appeal the district court's ruling, Mr. Christensen must first obtain a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1). He is entitled to a COA "only if [he makes] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Because the district court did not rule on Mr. Christensen's petition for a COA, we deem it denied. *See United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000). For the following reasons, we, too, deny a COA.

In his pleadings before this court, Mr. Christensen concedes that *Booker* is not retroactive and does not provide him a basis to attack his sentence. *See United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005) ("We now join all other circuits that have examined the question and conclude *Booker* does not apply retroactively to initial habeas petitions."). This leaves his claim under *Shepard* that the federal district court improperly made fact findings in determining that his Nevada arson conviction was a "violent felony" under the ACCA. His reliance on *Shepard* fails, however, because a COA cannot be granted on a nonconstitutional claim, *see United States v. Taylor*, No. 05-3417, 2006 WL 1828525, at *2 (10th Cir. July 5, 2006), and *Shepard*, as we proceed to explain, decided only a matter of statutory interpretation.

*Shepard* held that a sentencing court may look only to the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" to determine whether a prior conviction qualifies as a predicate offense under the ACCA. *See Shepard*, 544 U.S. at 16. Although the opinion noted constitutional concerns about judicial fact-finding for purposes of sentencing enhancement, its *holding* was purely a matter of statutory

interpretation. The Eleventh Circuit recently summarized *Shepard*'s holding as

follows:

> *Shepard* was not a constitutional decision. *Shepard* decided an issue
> of statutory interpretation. The issue in *Shepard* was whether the
> Armed Career Criminal Act permitted a sentencing court to consider
> police reports and complaint applications to establish that prior
> convictions for burglary were violent felonies. [*Shepard*, 544 U.S. at
> 16.] In *Taylor v. United States*, 495 U.S. 575 (1990), the Court had
> held that "the ACCA generally prohibits the later court from delving
> into particular facts disclosed by the record of conviction" to
> determine the character of a prior conviction for the purpose of
> enhancing a sentence under the ACCA. *Shepard*, 544 U.S. at 17. In
> *Shepard*, the Court held that the rule in *Taylor* applies to convictions
> on pleas, as well as to convictions on jury verdicts. *Id*. at 19.

*United States v. Cantellano*, 430 F.3d 1142, 1147 (11th Cir. 2005). To be sure,

*Shepard* raised the possibility that a different reading of the statute might violate

a defendant's Sixth Amendment right to trial by jury. To buttress its decision to

read the ACCA as it did, the Court invoked "[t]he rule of reading statutes to avoid

serious risks of unconstitutionality." *Shepard*, 544 U.S. at 25. But the Court did

not say that the Sixth Amendment *required* its interpretation of the ACCA, or that

a different reading would create a Sixth Amendment violation. It merely raised

the possibility. *See, e.g.*, *United States v. Thompson*, 421 F.3d 278, 282 n.3 (4th

Cir. 2005) ("It did not escape the Court's notice in *Shepard* that the rule it

announced *might* have constitutional implications." (emphasis added)).

Accordingly, Mr. Christensen cannot obtain a COA based on *Shepard*'s holding.

Moreover, even were we to interpret Mr. Christensen's brief as contending that the requirements set forth in *Shepard* are, regardless of the expressed basis for the holding, compelled by the Constitution, we still could not grant him a COA. "Initial habeas petitions based upon a new rule of constitutional law . . . are guided by the framework established by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989)." *United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir. 2002). In *Teague* the Supreme Court held that ordinarily new rules of constitutional law "will not be applicable to those cases which have become final before the new rules are announced." *Teague*, 489 U.S. at 310.

The term *new rule* is somewhat imprecise. As the Supreme Court has acknowledged, "[w]e have stated variously the formula for determining when a rule is new." *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997). The formula it adopted in *O'Dell* was whether a "court considering the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution." *Id*. (internal quotation marks and brackets omitted). "Compelled by existing precedent" can perhaps best be understood in light of the Court's statement that "the *Teague* doctrine validates reasonable, good-faith interpretations of existing precedents made by state courts even though they are shown to be contrary to later decisions." *Id*. (internal quotation marks omitted). Although *Teague* (as well as each of its Supreme Court progeny) involved a challenge by a state prisoner

brought under 28 U.S.C. § 2254, whereas this is a case brought under § 2255, we have held "that *Teague*'s nonretroactivity doctrine applies equally to habeas petitions brought under sections 2254 and 2255." *Daniels v. United States*, 254 F.3d 1180, 1194 (10th Cir. 2001) (en banc).

Because Mr. Christensen did not pursue a direct appeal of his state conviction, that conviction became final 10 days after June 21, 2004, the date judgment was entered, *see Bellamy*, 411 F.3d at 1186 (citing Fed. R. App. P. 4(b)(1)(A)), and well before *Shepard* was decided on March 7, 2005. Whether the constitutional rule Mr. Christensen advocates is a new rule thus depends on whether it was compelled by Supreme Court precedent existing on July 1, 2004.

We think it beyond debate that it was not so compelled. At that time, only the Supreme Court's 1990 decision in *Taylor* even hinted at the constitutional concern addressed more fully in *Shepard*. *See Taylor*, 495 U.S. at 601 ("If the sentencing court were to conclude, from its own review of the record, that the defendant actually committed a generic burglary, could the defendant challenge this conclusion as abridging his right to a jury trial?"). And, like *Shepard*, the holding in *Taylor* is purely a matter of statutory interpretation.

Mr. Christensen might also point to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which stated: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490. But

*Apprendi* did not *compel* the result he advocates. To reach that conclusion we need look no further than the dissent in *Shepard*. We deem it wise to presume that an opinion by a Justice of the United States Supreme Court constitutes a "reasonable, good-faith interpretation[] of existing precedents." *O'Dell*, 521 U.S. at 156 (internal quotation marks omitted). Accordingly, it is dispositive that Justice O'Connor's dissent for three Justices in *Shepard* stated: "The Court today adopts a rule that is not compelled by statute or by this Court's precedent,*"* *Shepard*, 544 U.S. at 28 (O'Connor, J., dissenting), and "[e]ven in a post-*Apprendi* world, I cannot understand how today's case raises any reasonable constitutional concern," *id*. at 37. We conclude that Mr. Christensen is advocating a new rule.

But this is not quite the end of the inquiry. The *Teague* doctrine recognizes that in certain limited circumstances a habeas petitioner may benefit from a new rule. *See O'Dell*, 521 U.S. at 156-57. The Court stated:

> The first, limited exception is for new rules forbidding criminal punishment of certain primary conduct and rules prohibiting a certain category of punishment for a class of defendants because of their status or offense. The second, even more circumscribed, exception permits retroactive application of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*Id*. at 157 (internal quotation marks, citation, and brackets omitted). In other words, "[n]ew *substantive* rules generally apply retroactively," *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004), but "[n]ew rules of procedure . . . generally

do not," *id*. at 352.  The type of rule at issue here—allocating fact-finding for sentencing purposes—is procedural.  *See id*. at 353 ("Rules that allocate decisionmaking authority in this fashion [requiring that a jury rather than a judge find the essential facts bearing on capital punishment] are prototypical procedural rules.").  And it is not a *watershed* procedural rule.  *See Mora*, 293 F.3d at 1218-19 (*Apprendi* is not retroactive because "it is a rule that simply shifts the fact-finding duties from an impartial judge to a jury" (internal quotation marks omitted)); *see also Bellamy*, 411 F.3d at 1188 (*Booker* is not retroactive).

Because Mr. Christensen has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(1), we DENY a COA and DISMISS the appeal.