**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 06-1174

ALVIN SCOTT COREY,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Alvin Scott Corey on brief pro se.
F. Mark Terison, Senior Litigation Counsel and Paul D. Silsby, United States Attorney, on brief for appellee.

March 26, 2007

**Per Curiam**.  Petitioner, Alvin Scott Corey, appeals the United States District Court for the District of Maine's dismissal of his habeas corpus petition, which he filed pursuant to 28 U.S.C. § 2255.  We granted a certificate of appealability on the issues of whether (i) his sentence violated the rule announced in Shepard v. United States, 125 S. Ct. 1254 (2005), and (ii) the admission of expert testimony concerning the manufacture of the weapon for which he was convicted violated the rule announced in Crawford v. Washington, 124 S. Ct. 1354 (2004).  We held the case in abeyance while we awaited the Supreme Court's decision in Whorton v. Bockting, 2007 U.S. LEXIS 2826 (Feb. 28, 2007), and the path is now clear to proceed forward.

As the issues before us are purely legal, we review them de novo.  Pursuant to 28 U.S.C. § 2255, petitioner had one year within which to file his habeas petition.  The district court dismissed it as time-barred, so the first order of business is to determine the appropriate triggering date for the one-year deadline.  Petitioner appears to argue that the clock should begin for his Shepard and Crawford claims on the dates upon which the Supreme Court issued those opinions.  He understands, however, that the timing of his petition is such that he must establish that the rules announced in those cases are newly recognized by the Supreme Court and are retroactively

-2-

applicable to cases on collateral review.  See 28 U.S.C. §
2255, ¶ 6(3).  Petitioner fails to clear this hurdle.

There is no dispute that the rules in Shepard and
Crawford are newly recognized.  Nor is there any dispute that
those rules are procedural in nature.  Ordinarily, newly
announced rules of criminal procedure, about which the Supreme
Court has been silent as to retroactivity, are presumed to be
non-retroactive.  See Tyler v. Cain, 533 U.S. 656, 665 (2001)
(interpreting Teague v. Lane, 489 U.S. 288 (1989), as setting
general bar to retroactive application of newly announced rules
of criminal procedure).  Petitioner argues that the exception
to this general bar for "watershed rules of criminal procedure
implicating the fundamental fairness and accuracy of the
criminal proceeding" applies here.  We disagree.

We first consider the Shepard claim.  Our opinion in
Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir. 2005),
is instructive.  There, we held that the rule announced in
United States v. Booker, 125 S. Ct. 738 (2005), was not a
watershed rule.  See Cirilo-Munoz, 404 F.3d at 532-33.  In
doing so, we noted that judge-made findings at sentencing have
been the conventional practice throughout our nation's history.
See id.  We added that this retroactivity analysis resolves any
comparable "Blakely-like" claim in this circuit.  Id.

Our reasoning there applies with equal force here. Shepard, like Booker, set forth limitations on judicial factfinding, but it did so to a far lesser degree, restricting only the type of evidence that is appropriate for review in particular circumstances. See Shepard, 125 S.Ct. at 1263 ("We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."). Accordingly, Shepard presents an even weaker case for retroactivity than did Booker. This interpretation is bolstered by the fact that each of the three courts of appeals that has faced this issue has arrived at the same conclusion. See United States v. Christensen, 456 F.3d 1205, 1208 (10th Cir. 2006); United States v. Armstrong, 151 Fed. Appx. 155, 157 (3d Cir. 2005); United States v. Davis, 133 Fed. Appx. 916 (4th Cir. 2005).

Recent developments make the Crawford issue even easier to resolve. In Whorton, the Supreme Court held that the rule announced in Crawford is not a watershed rule and,

-4-

therefore, is not retroactively applicable to cases on collateral review.  See 2007 U.S. LEXIS 2826 at *29.

Because the dates upon which the Supreme Court announced the rules in Shepard and Crawford are not appropriate triggering dates for section 2255's one-year limitations period in these circumstances, we are left with the default triggering date--the day that petitioner's judgment of conviction became final.  Petitioner's judgment of conviction became final in 2000, but he filed his petition several years later.  Accordingly, it is untimely.

For these reasons, we summarily affirm the district court's dismissal of the petition on timeliness grounds.  See 1st Cir. R. 27.0(c).  **AFFIRMED.**