**Russell DINOVO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 97–10782–NMG.**

United States District Court, D. Massachusetts.

Oct. 24, 2008.

George W. Vien, United States Attorney's Office, John Joseph Moakley, Federal Courthouse, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

Petitioner Russell DiNovo ("DiNovo") has filed a motion pursuant to Fed. R.Civ.P. 15(c) to amend his habeas corpus petition which was dismissed by this Court (per United States District Judge Robert E. Keeton) in 1997. The government opposes that motion and moves to dismiss the action.

### I. *Background*

On February 2, 1994, DiNovo was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 28, 1994, he was sentenced to imprisonment for 235 months. That sentence had been enhanced under the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(1), because DiNovo had five prior convictions for violent felonies. The sentence was affirmed on appeal in 1995 and DiNovo's petition for certiorari was denied that same year. *United States v. DiNovo,* 57 F.3d 1061 (1st Cir.1995), *cert. denied,* 516 U.S. 954, 116 S.Ct. 404, 133 L.Ed.2d 323 (1995).

On March 14, 1997, DiNovo filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He based his petition on the First Circuit's ruling in *United States v. Caron,* 77 F.3d 1 (1st Cir.1996), which changed the manner in which a felon's civil rights could be restored in Massachusetts. DiNovo argued that, because his civil rights had been restored, four of his previous convictions should not have been counted as predicate offenses under the ACCA and, therefore, his sentence was improperly enhanced. Judge Keeton rejected that argument, however, and denied DiNovo's petition on July 30, 1997 because the civil rights restoration exception to the ACCA does not apply if a felon's right to carry a firearm remains substantially restricted, as is the case under Massachusetts law. *See United States v. Estrella,* 104 F.3d 3, 5 (1st Cir.1997).

The case was closed and remained dormant until 2006 when the above-mentioned cross-motions were filed. The Court now addresses them.

## II. *Analysis*

### A. Legal Standard

A petition pursuant to § 2255 is subject to a one-year statute of limitation. 28 U.S.C. § 2255(f). It may, however, be amended whenever the Federal Rules of Civil Procedure allow. *See* 28 U.S.C. § 2242; *Barrett v. United States,* 965 F.2d 1184 n. 4 (1st Cir.1992) ("The Federal Rules of Civil Procedure are applicable to § 2255 proceedings".), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Fed.R.Civ.P. 15(a)(2) permits amendment of a § 2255 petition "with the opposing party's written consent or the court's leave", which should be "freely give[n] ... when justice so requires". *See Tavares v. United States,* 230 F.Supp.2d 126, 134 (D.Mass.2001). When the statute of limitation has run, as it has in this case, a § 2255 petition may be amended when the amendment "relates back to the date of the original [petition]". Fed.R.Civ.P. 15(c)(1). That happens when

> the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.

Fed.R.Civ.P. 15(c)(1)(B). In the context of § 2255 petitions, the requisite "conduct, transaction, or occurrence" is strictly construed to refer to "a common core of operative facts", not the trial, conviction or sentence in general. *Mayle v. Felix,* 545 U.S. 644, 663–64, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

■ Amendment of a § 2255 petition is not allowed, however, "after judgment has been rendered and while the judgment still remains in force". *Berthoff v. United States,* 140 F.Supp.2d 50, 58 (D.Mass.2001) (finding that the court was "without authority to allow an amendment" to a § 2255 petition that had already been denied).

### B. Application

■ Because the statute of limitation has run, DiNovo can no longer file a new § 2255 petition. Therefore, he moves to file an amended version of his original petition, which was timely when filed in 1997. Because that petition was denied in 1997, however, and final judgment was entered, DiNovo is barred from amending his original § 2255 petition. *See Berthoff,* 140 F.Supp.2d at 58.

■ Even if final judgment had not entered or DiNovo had been granted relief from that judgment under Fed.R.Civ.P. 59(e) or 60(b), he would still be precluded from amending his petition on other grounds. DiNovo's petition, if amended, would fail to warrant habeas relief because it relies entirely on a United States Supreme Court decision that does not apply. Therefore, there is no justification for such an amendment.

DiNovo argues that three of his prior convictions cannot be considered predicate offenses under the ACCA based on the holding of *Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (holding that police reports and complaints may not be used to determine whether an earlier guilty plea necessarily supports a conviction for general burglary thus qualifying that crime as an ACCA predicate). DiNovo, therefore, contends that he should not have received an enhanced sentence under the ACCA when convicted of being a felon in possession of a firearm.

This Court rejects DiNovo's argument because *Shepard* has no bearing on his § 2255 petition. That decision was rendered 11 years ago, after DiNovo was sentenced, and its holding is not retroactive nor applicable to petitions such as DiNovo's. *See Corey v. United States,* 221 Fed. Appx. 1, 1 (1st Cir.2007); *Pereyra v. United States,* No. 05–235–ML, 2007 WL 419106, at *2, 2007 U.S. Dist. LEXIS 7849, at *5 (D.R.I.2007). The First Circuit Court of Appeals has held that a Supreme Court ruling may apply retroactively to habeas petitions only when the Supreme Court explicitly holds its ruling to be retroactive. *Sepulveda v. United States,* 330 F.3d 55, 66 (1st Cir.2003); *see Tyler v. Cain,* 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Nowhere in the *Shepard* opinion does the Supreme Court so much as hint that its holding is to apply retroactively. As a result, DiNovo's amended petition based on *Shepard* must fail. Justice does not warrant the amendment of DiNovo's petition, which would, in any event, be in vain.

## ORDER

In accordance with the foregoing, DiNovo's motion to amend his § 2255 petition (Docket No. 7) is **DENIED,** and respondent's motion to dismiss DiNovo's motion (Docket No. 10) is **DENIED AS MOOT.**

**So ordered.**