FILED
United States Court of Appeals
Tenth Circuit

February 18, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

HERBERT E. MUMPOWER,

  Defendant - Appellant.

No. 09-4213
(D.C. Nos. 2:09-CV-00240-DAK and
2:06-CR-00465-PGC-1)
(D. Utah)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Herbert E. Mumpower, a federal inmate appearing pro

se, seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order denying his motion to vacate, set aside or correct his sentence. 28

U.S.C. § 2255. To obtain a COA, Mr. Mumpower must make "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see

Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Mr. Mumpower pled guilty to coercion or enticement for illegal sexual

activity in violation of 18 U.S.C. § 2422(b) on December 15, 2006. 1 R. 4, 42.

On April 11, 2007, he was sentenced to a term of 60 months and 120 months of

supervised release. Id. The district court entered the judgment on April 13, 2007.

1 R. 43. Because Mr. Mumpower did not file a direct appeal, his judgment became final ten days later, excluding Saturdays, Sundays, and legal holidays: April 27, 2007. See 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1)(A)(i), 26(a)(2) (prior to Dec. 1, 2009); United States v. Christensen, 456 F.3d 1205, 1207 (10th Cir. 2006). Mr. Mumpower filed his § 2255 motion on March 16, 2009. 1 R. 1. He contends that (1) the indictment was defective for several reasons, (2) his counsel was ineffective, (3) the federal court lacked jurisdiction given an incidental link to interstate commerce, and (4) prosecutorial error. 1 R. 8-22. The district court denied the motion for several reasons: (1) it is time barred under the one-year limitation period in §2255(f)(1), (2) Mr. Mumpower waived any right to collaterally attack his sentence as part of his plea agreement, and (3) as to the ineffective assistance claims, they lack merit.

On appeal, Mr. Mumpower argues that his motion is not time barred because he is entitled to equitable tolling.[*] Pet. Br. at 3 & attach. A at 1-4. He argued equitable tolling in his motion on two grounds: denial of access to prison law libraries and ineffective assistance of counsel. According to Mr. Mumpower, counsel should have explained that the waiver concerning appeal and collateral

_____

[*] A plea of guilty waives all non-jurisdictional defects and constitutes "a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Thus, even apart from the waiver of collateral review contained in the plea agreement, Mr. Mumpower cannot bring freestanding constitutional or statutory claims that could have been brought before; he would be limited to challenging the voluntary and intelligent nature of the plea on the basis that counsel's advice was constitutionally deficient. Id.

review contained in the plea agreement would not be effective given a challenge to the indictment or the jurisdiction of the court, or a colorable showing of actual innocence. Concerning the denial of access to prison libraries, he argues that he was in protective custody and administrative detention for much of the one-year period after his sentence. Be that as it may, he never explains what steps he did take to learn of his rights, nor does he explain how, given his reliance on the appeal and collateral review waiver, the denial of access to legal materials is the causal link between his inaction and the running of the one-year time period.

Equitable tolling is reserved for those rare occasions where circumstances beyond a person's control result in non-compliance with a filing deadline despite diligent efforts. Lawrence v. Florida, 549 U.S. 327, 336 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). For example, such rare circumstances might exist when a litigant has filed a defective pleading within the limitations period or has been actively misled so as to miss the limitations period. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Because there is no right to counsel on collateral review, we have been reluctant to apply equitable tolling when the problem is ignorance of the law. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Even if equitable tolling somehow might be appropriate based upon ineffective assistance concerning the appeal and collateral review waiver, Mr. Mumpower cannot establish deficient performance on the part of his counsel. Mr. Mumpower has suggested no facts which should have prompted

counsel to advise him of the extremely limited circumstances in which an appeal and collateral review waiver will not be enforced. After all, in pleading guilty Mr. Mumpower acknowledged a factual basis for the offense based upon the indictment and plainly agreed that he would not seek collateral review. See United States v. Mumpower, No. 2:06 CR 465 PGC, Statement by Defendant In Advance of Plea of Guilty at 3-5 ¶¶ 10, 12, 13 (D. Utah Dec. 15, 2006). Mr. Mumpower does not contend a lack of advice about the waiver, and we decline to hold that counsel is required to provide a defendant contemplating a guilty plea with generic and comprehensive advice about when such waivers might not be enforced.

In sum, we do not think that the district court's procedural ruling concerning time bar is reasonably debatable; hence, we need not address whether Mr. Mumpower's substantive claims pose reasonably debatable issues. Slack, 529 U.S. at 484.

We DENY a COA, DENY IFP as moot, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge