FILED
United States Court of Appeals
Tenth Circuit

January 7, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH V. WEATHERSBY,

Defendant - Appellant.

No. 13-3256
(D. Kansas)
(D.C. No. 2:13-CV-02292-JWL)

**ORDER**

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Keith Weathersby was convicted in federal court in 2002. He unsuccessfully sought relief in the district court under 28 U.S.C. § 2255 and wants to appeal. To appeal, however, Mr. Weathersby must obtain a certificate of appealability. The district court declined to issue this certificate, and Mr. Weathersby asks our court for one. We deny the request because we lack statutory power to issue a certificate of appealability for the argument made by Mr. Weathersby.

At sentencing, the district court applied the federal sentencing guidelines and pinpointed Mr. Weathersby's criminal history in Zone III based on eight criminal-history points for convictions in state court. Mr. Weathersby claims that the district court should resentence him because two of the state-court convictions were

expunged in 2012 and 2013 under Section 1203.4 of the California Penal Code. The district court denied the request, reasoning that relief under Section 1203.4 of the California Penal Code does not eliminate the criminal-history points for the two state-court convictions. Mr. Weathersby appeals this ruling, arguing that it constituted error under the federal sentencing guidelines.

Before we can consider this argument, we must consider our authority to address the merits. We can address the merits only if Mr. Weathersby justifies issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2)(B) (2006); Fed. R. App. P. 22(b)(1). And this certificate can only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

Rather than allege the violation of a constitutional right, Mr. Weathersby argues that the district court misapplied the sentencing guidelines by declining to conduct a new sentencing proceeding after two of the state-court convictions had been expunged.[1] The problem, however, is that this argument rests on the sentencing

---

[1]    The California statute authorizes a court to "set aside the verdict of guilty" in certain circumstances. Cal. Penal Code § 1203.4(a)(1) (2004). The statute goes on to state that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if the probation had not been granted or the accusation or information dismissed." *Id.* The Ninth Circuit Court of Appeals has held that convictions set aside under Cal. Penal Code § 1203.4 are not "expunged" for purposes of United States Sentencing Guideline 4A1.2(j). *United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008); *accord Valentine v. United States*, 221 F.3d 1346 (8th Cir. June 29, 2000) (unpublished; per curiam).

guidelines rather than the federal constitution. Because the argument is not based on the constitution, we must decline to issue a certificate of appealability. *See United States v. Harfst*, 168 F.3d 398, 400 (10th Cir. 1999) (stating that "nonconstitutional sentencing issues . . . would not support issuance of a certificate of appealability because they do not assert the denial of a constitutional right"); *see also United States v. Christensen*, 456 F.3d 1205, 1206 (10th Cir. 2006) (holding that the court could not grant a certificate of appealability because the § 2255 claim, based on the Armed Career Criminal Act, 18 U.S.C. § 924, did not involve the constitution). And in the absence of a certificate of appealability, we must dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge