**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARIO DEVONNE WASHINGTON,
SR.,

      Defendant - Appellant.

No. 16-2005
(D.C. No. 2:10-CR-03160-RB-2)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

      Mario Devonne Washington, Sr. appeals the district court's denial of his

request for a sentence reduction pursuant to Sentencing Guidelines Amendment 782,

which lowered by two levels the base offense levels provided in the Drug Quantity

Table set forth in U.S.S.G. § 2D1.1(c) for drug trafficking offenses. Exercising

jurisdiction pursuant to 28 U.S.C. § 1291, we dismiss this appeal and grant counsel's

request to withdraw.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

Mr. Washington pled guilty to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). The United States Probation Office prepared a Presentence Investigation Report (PSR) that determined the applicable Sentencing Guidelines range.

Important for our analysis, the PSR determined that Mr. Washington fell within the career-offender provision of the Guidelines because he had at least two prior qualifying felony convictions. U.S.S.G. § 4B1.1. This classification resulted in a higher base offense level and criminal history level than would have applied if Mr. Washington had committed the same offense but did not meet the definition of a career criminal. *Id.*

Specifically, the PSR calculated that the quantity of drugs attributed to Mr. Washington resulted in a base offense level of sixteen. His offense level was then adjusted upward two levels because Mr. Washington was an organizer or leader of the drug conspiracy, and an additional two levels because he had engaged in witness intimidation, tampered with or destroyed evidence, or otherwise obstructed justice in connection with the investigation or prosecution of the offense. Thus, had Mr. Washington's sentence been calculated under § 2D1.1, his adjusted guidelines level of twenty and his eleven criminal history points would have placed him in criminal-history category V, resulting in a Guidelines range of 63 to 78 months. U.S.S.G. ch. 5, pt. A.

But because Mr. Washington qualified as a career criminal, the PSR set his offense level to twenty-four and his criminal-history category to VI pursuant to § 4B1.1. The PSR then applied a two-level reduction based on Mr. Washington's acceptance of responsibility, for a total of offense level of twenty-two. Thus, due to Mr. Washington's status as a career criminal, the PSR calculated the applicable Guidelines range to be 84 to 105 months.

The district court adopted the PSR without change and sentenced Mr. Washington based on the offense level of twenty-two and criminal-history category of VI calculated under § 4B1.1. The district court sentenced Mr. Washington to 105 months imprisonment, the high end of the 84- to 105-month Guidelines range. Mr. Washington did not appeal his sentence.

On March 16, 2015, Mr. Washington filed a pro se Motion for Reduction of Sentence Under to 18 U.S.C. § 3582(c)(2), based on U.S.S.G. Amendment 782. The district court denied the motion and dismissed for lack of jurisdiction. The district court also denied as moot Mr. Washington's Motion for Reconsideration of that order.

Mr. Washington filed a timely appeal of the district court's denial of his request for a sentence reduction, and this court granted his motion for the appointment of counsel. On April 29, 2016, Mr. Washington's counsel filed a brief in accordance with *Anders v. California*, which permits defense counsel to "request permission to withdraw" where counsel concludes the appeal is "wholly frivolous, after a conscientious examination of it." 386 U.S. 738, 744 (1967). Consistent with

*Anders*, counsel submitted a copy of the brief to Mr. Washington and advised him of his right to "raise any points that he chooses." *Id.*

Mr. Washington took advantage of that opportunity and filed a response to counsel's *Anders* brief. As he did in the district court, Mr. Washington challenges the accuracy of the PSR and the calculation of his original sentence, including his classification as a career criminal. But Mr. Washington may not collaterally attack his original sentence under § 3582(c)(2). *See United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014).

After our independent examination of the record, we conclude the appeal is, indeed, wholly frivolous. We therefore grant counsel's motion to withdraw and dismiss the appeal.

## II.    DISCUSSION

This court reviews a decision of the district court denying a request for a sentence reduction for an abuse of discretion. *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). Once a term of imprisonment is imposed, a court may not modify it except in narrow circumstances, including where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To be eligible for a sentence reduction under § 3582(c)(2), the applicable Guidelines range must have been lowered by an amendment to the Guidelines listed in § 1B1.10(d) of the Guidelines Manual. U.S.S.G. § 1B1.10 cmt. n.1(A). But a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C.

4

§ 3582(c)(2) if the relevant "amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In support of his request for a sentence reduction, Mr. Washington relies on Amendment 782, which is listed in subsection (d) of section 1B1.10 of the Guidelines. Amendment 782 lowered by two levels the base offense levels in the Drug Quantity Table for drug offenses located in the § 2D1.1(c) of the Guidelines. U.S.S.G. Supplement to Appendix C, Amendment 782, Reason for Amendment 71–72.

But Mr. Washington's Guideline range was based on the career-criminal provision of U.S.S.G. § 4B1.1, not the Drug Quantity Table at § 2D1.1. As discussed, the district court found that he qualified as a career criminal, and it calculated his sentencing range and criminal history category under § 4B1.1. Amendment 782 had no impact on the sentencing range for career criminals under § 4B1.1. Because Amendment 782 "does not have the effect of lowering [Mr. Washington's] applicable guideline range," his sentence cannot be modified under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B).

In summary, Mr. Washington's Guidelines range was calculated under the career criminal provision of the Guidelines, which has not been reduced by Amendment 782. The district court therefore could not grant a sentence reduction. *Cf. United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (holding that Amendment 706 to the Guidelines, which reduced the drug-quantity offense levels

5

for crack cocaine, did not lower the defendant's sentence where his Guidelines range was calculated under the career-criminal provision).

### III.   CONCLUSION

Because the district court lacked authority to reduce Mr. Washington's sentence under 18 U.S.C. § 3582(c)(2), he has failed to raise any non-frivolous arguments challenging that decision on appeal.

Counsel's motion to withdraw is granted, and this appeal is dismissed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge