**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JACQUELINE M. GARCIA, a/k/a
Jacqueline Marie Garcia, a/k/a Jacqueline
Molina,

      Defendant - Appellant.

No. 17-8024
(D.C. Nos. 2:16-CV-00002-SWS &
2:13-CR-00004-ABJ-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

      Jacqueline M. Garcia, a federal prisoner proceeding without the assistance of

counsel, seeks a certificate of appealability (COA) to appeal the district court's

dismissal of her motion under 28 U.S.C. § 2255 as an unauthorized second or

successive motion. We deny a COA and dismiss this matter.

      In 2013, Ms. Garcia was convicted of conspiracy to possess with intent to

distribute, and to distribute, methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(A), and 846; and of possession of a firearm in furtherance of a drug trafficking

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

crime in violation of 18 U.S.C. § 924(c)(1)(A). She was sentenced to 180 months in prison. We affirmed on direct appeal. *See United States v. Garcia*, 635 F. App'x 528, 531 (10th Cir. 2015) (unpublished). Ms. Garcia filed her first § 2255 motion on January 8, 2016. It remains pending at issue before the district court. In October 2016, Ms. Garcia filed another motion entitled "Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 and Amendment 794 of U.S.S.G. 3B1.2," arguing that a Ninth Circuit case made Amendment 794 to the Sentencing Guidelines retroactive to her sentence. Without ruling on the first § 2255 motion, the district court concluded Ms. Garcia's second motion raised new claims and the court therefore lacked jurisdiction because the motion was an unauthorized second or successive § 2255 motion that should first be filed in this court. The district court dismissed the second motion and Ms. Garcia filed a notice of appeal.

To appeal, Ms. Garcia must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Where, as here, a district court has dismissed a filing on procedural grounds, the COA applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not consider the procedural aspect of the *Slack* test because Ms. Garcia has not satisfied the merits aspect.

In her COA brief, Ms. Garcia requests a reduction in her sentence based on Amendment 794. Even reviewing her application with the liberality due pro se applicants, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), Ms. Garcia's claim is based on the Sentencing Guidelines rather than the Constitution. As a result, we must decline to issue a COA and dismiss the appeal. *See United States v. Harfst*, 168 F.3d 398, 400 (10th Cir. 1999) (stating that "nonconstitutional sentencing issues . . . would not support issuance of a [COA] because they do not assert the denial of a constitutional right."); *accord United States v. Christensen*, 456 F.3d 1205, 1206 (10th Cir. 2006) (same in Armed Career Criminal Act context). We note that Ms. Garcia's motion appears to us to be one under 18 U.S.C. § 3582(c)(2) seeking a reduction in her sentence, and not a second § 2255 motion. Thus, the rationale underlying the district court's dismissal order — that Ms. Garcia's motion was a second or successive § 2255 motion — was mistaken. Nevertheless, Ms. Garcia is not entitled to a COA under *Slack*'s standard to challenge the district court's dismissal order — that is, the *outcome* that the district court reached in its dismissal order properly must stand undisturbed.

The COA is denied and the matter is dismissed.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

- 3 -

Case No. 17-8024, *United States v. Garcia*
**O'BRIEN**, J., concurring.

I concur only in the result. Garcia's inartful motion sought a sentence reduction based upon Amendment 794 to the sentencing guidelines. 18 U.S.C. § 3582(c)(2) permits a court to reduce an imposed sentence if the "sentencing range . . . has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10 of the guidelines contains the relevant policy statement: a sentence reduction under § 3582(c)(2) is permitted only if the amendment reducing the sentencing range is listed in USSG § 1B1.10(d). *See United States v. Avila*, 997 F.2d 767, 767 (10th Cir. 1993); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) . . . depends in the first instance on the [Sentencing] Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *United States v. Washington*, 655 F. App'x 714, 716 (10th Cir. 2016) (unpublished) ("To be eligible for a sentence reduction under § 3582(c)(2), the applicable Guidelines range must have been lowered by an amendment to the Guidelines listed in § 1B1.10(d) of the Guidelines Manual."). Amendment 794 is not listed there. Section 3582(c)(2) cannot help Garcia.

In the order dismissing her motion, the judge concluded she was not entitled to a sentence reduction, correctly explaining why. (Dist. Ct. Doc. 9 at 4-5.) Garcia's motion did not mention 18 U.S.C. § 3582(c)(2) and I see no reason to read something, particularly a meaningless something, into the motion. Construing the motion as one

based upon the statute would accomplish nothing and the district judge ought not to be faulted for failing to embark upon a fool's errand. Contemplating the number of angels that might dance on the head of a pin may satisfy intellectual urges, but it offers no practical value.

Moreover, the motion cannot be construed as a supplement to her original § 2255 motion because it raises a new claim "separate and distinct" from those raised in her original motion and is time-barred. *United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000).

The judge properly treated Garcia's motion as a second § 2255 motion.