ORDER DENYING CERTIFICATE OF APPEALABILITY *
Jacqueline M. Garcia, a federal prisoner proceeding without the assistance of counsel, seeks a certificate of appealability (COA) to appeal the district court’s dismissal of her motion under 28 U.S.C. § 2255 as an unauthorized second or successive motion. We deny a COA and dismiss this matter.
In 2013, Ms. Garcia was convicted of conspiracy to possess with intent to distribute, and to distribute, methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). She was sentenced to 180 months in prison. We affirmed on direct appeal. See United States v. Garcia, 635 Fed.Appx. 528, 531 (10th Cir. 2015) (unpublished). Ms. Garcia filed her first § 2255 motion on January 8, 2016. It remains pending at issue before the district court. In October 2016, Ms. Garcia filed another motion entitled “Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 and Amendment 794 of U.S.S.G. 3B1.2,” arguing that a Ninth Circuit case made *623 Amendment 794 to the Sentencing Guidelines retroactive to her sentence. Without ruling on the first § 2255 motion, the district court concluded Ms. Garcia’s second motion raised new claims and the court therefore lacked jurisdiction because the motion was an unauthorized second or successive § 2255 motion that should first be filed in this court. The district court dismissed the second motion and Ms. Garcia filed a notice of appeal.
To appeal, Ms. Garcia must obtain a COA. See United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008). Where, as here, a district court has dismissed a filing on procedural grounds, the COA applicant must show both “that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). We need not consider the procedural aspect of the Slack test because Ms. Garcia has not satisfied the merits aspect.
In her COA brief, Ms. Garcia requests a reduction in her sentence based on Amendment 794. Even reviewing her application with the liberality due pro se applicants, see Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), Ms. Garcia’s claim is based on the Sentencing Guidelines rather than the Constitution. As a result, we must decline to issue a COA and dismiss the appeal. See United States v. Harfst, 168 F.3d 398, 400 (10th Cir. 1999) (stating that “nonconstitutional sentencing issues ... would not support issuance of a [COA] because they do not assert the denial of a constitutional right.”); accord United States v. Christensen, 456 F.3d 1205, 1206 (10th Cir. 2006) (same in Armed Career Criminal Act context). We note that Ms. Garcia’s motion appears to us to be1 one under 18 U.S.C. § 3582(c)(2) seeking a reduction in her sentence, and not a second § 2255 motion. Thus, the rationale underlying the district court’s dismissal order — that Ms. Garcia’s motion was a second or successive § 2255 motion — was mistaken. Nevertheless, Ms. Garcia is not entitled to a COA under Slack’s standard to challenge the district court’s dismissal order — that is, the outcome that the district court reached in its dismissal order properly must stand undisturbed.
The COA is denied and the matter is dismissed.

 This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.