O’BRIEN, J.,
concurring.
I concur only in the result. Garcia’s inartful motion sought a sentence reduction based upon Amendment 794 to the sentencing guidelines. 18 U.S.C. § 3582(c)(2) permits a court to reduce an imposed sentence if the “sentencing range .. has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.” Section IBI.1'0 of the guidelines contains the relevant policy statement: a sentence reduction under § 3582(c)(2) is permitted only if the amendment reducing the sentencing range is listed in USSG § lB1.10(d). See United States v. Avila, 997 F.2d 767, 767 (10th Cir. 1993); see also Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (“A court’s power under § 3582(c)(2) ... depends in the first instance on the [Sentencing] Commission’s decision not just to amend the Guidelines but to make the amendment retroactive.”); United States v. Washington, 655 Fed.Appx. 714, 716 (10th Cir. 2016) (unpublished) (“To be eligible for a sentence reduction under § 3582(c)(2), the applicable Guidelines range must have been lowered by an *624 amendment to the Guidelines listed in § lB1.10(d) of the Guidelines Manual.”). Amendment 794 is not listed there. Section 8582(c)(2) cannot help Garcia.
In the order dismissing her motion, the judge concluded she was not entitled to a sentence reduction, correctly explaining why. (Dist. Ct. Doc. 9 at 4-5.) Garcia’s motion did not mention 18 U.S.C. § 3582(c)(2) and I see no reason to read something, particularly a meaningless something, into the motion. Construing the motion as one based upon the statute would accomplish nothing and the district judge ought not to be faulted for failing to embark upon a fool’s errand. Contemplating the number of angels that might dance on the head of a pin may satisfy intellectual urges, but it offers no practical value.
Moreover, the motion cannot be construed as a supplement to her original § 2255 motion because it raises a new claim “separate and distinct” from those raised in her original motion and is time-barred. United States v, Espinoza-Saenz, 235 F.3d 501, 504-05 (10th Cir. 2000).
The judge properly treated Garcia’s motion as a second § 2255 motion.