[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10022
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00137-JA-GJK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KORNEAL TOLLIVER,
a.k.a. JT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 7, 2016)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Korneal Tolliver appeals the district court's grant of his 18 U.S.C.

§ 3582(c)(2) motion for a reduction of sentence.  On appeal, Tolliver contends that,

after the district court lowered his offense level pursuant to Amendment 782 to the

Sentencing Guidelines, the court erred in calculating his amended offense level.

He asserts that the district court should have included a one-level reduction in his

offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b).  After a

review of the record and the parties' briefs, we disagree and therefore affirm.

I.

The government charged Tolliver in a superseding information with

(1) conspiracy to possess with intent to distribute cocaine base and to distribute

cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 846, and (2) carrying

and using a firearm during and in relation to a drug trafficking crime, in violation

of 18 U.S.C. § 924(c).

Tolliver pleaded guilty.  In the plea agreement, the government agreed (1) to

recommend that Tolliver receive a two-level downward adjustment for acceptance

of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a), and (2) to file a motion for a

one-level downward adjustment for acceptance of responsibility, pursuant to

U.S.S.G. §§ 3E1.1(b), provided that Tolliver's offense level prior to the operation

of § 3E1.1(a) was 16 or greater.[1]

---

[1] A defendant may receive up to three levels off of his offense level if he clearly

2

At the sentencing, the district court calculated Tolliver's base offense level as 16. The district court then reduced the offense level by two levels under § 3E1.1(a) and by one level under § 3E1.1(b). Based on an offense level of 13 and his criminal history category of V, Tolliver's advisory guideline range was 30 to 37 months' imprisonment. Tolliver also faced an 84-month mandatory consecutive term of imprisonment because of his conviction under § 924(c).

Because Tolliver provided substantial assistance to the government, the district court granted a four-level reduction under § 5K1.1, resulting an offense level of 9 and a guideline range of 18 to 24 months' imprisonment. The district court sentenced Tolliver to 102 months' imprisonment—18 months as to Count 1 and 84 months as to Count 2, to be served consecutively.

Tolliver recently moved for a reduction in his sentence pursuant to § 3582(c)(2) and Amendment 782. Amendment 782 revised the Drug Quantity Table in § 2D1.1(c) by decreasing the base offense level from 16 to 14 where the amount of cocaine base involved was at least 2.8 grams but less than 5.6 grams. U.S.S.G. App. C, amend. 782 (2014). Amendment 782 became effective

---

demonstrates acceptance of responsibility. U.S.S.G. § 3E1.1. The first two levels are granted when a defendant clearly demonstrates acceptance of responsibility. *Id.* § 3E1.1(a). The third level may only be granted if the defendant's offense level was 16 or greater before the first two levels were deducted and the government files a motion stating that the defendant assisted authorities by timely notifying them of his intention to plead guilty. *Id.* § 3E1.1(b).

3

on November 1, 2014, and was made retroactive by Amendment 788 on the same date.  U.S.S.G. App. C, amends. 782 & 788 (2014); U.S.S.G. § 1B1.10(d).

The government agreed that under Amendment 782 Tolliver was eligible for a reduction in his sentence.  After recalculating Tolliver's base offense level as 14, the district court awarded a two-level reduction for acceptance of responsibility.  But the district court refused to apply a one-level reduction under § 3E1.1(b) because Tolliver's offense level was less than 16.  The court reasoned that this result was consistent with the purpose of § 3582(c)(2), which was to give Tolliver the opportunity to receive the same sentence that he would have received had Amendment 782 applied at his sentencing.  Accordingly, the court calculated Tolliver's amended offense level as 12 and his amended guideline range as 27 to 33 months' imprisonment.

The district court then considered how to reduce Tolliver's sentence to reflect his substantial assistance.  The court granted a 40-percent reduction and resentenced Tolliver to 16 months' imprisonment.  Because Tolliver's consecutive 84 month sentence remained in effect, he was sentenced to a total of 100 months' imprisonment.  Tolliver timely appealed.

4

## II.

We review *de novo* a district court's conclusion about the scope of its authority under § 3582(c)(2).  *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).

## III.

Tolliver argues that the district court erred by "rescinding" the one-level acceptance of responsibility reduction under § 3E1.1(b) in its calculation of his amended guideline range.  We disagree.  The district court did not err by ruling that Tolliver's amended guideline range should not include the one-level reduction for acceptance of responsibility under § 3E1.1(b).

Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1).  The grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow.  *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).  For a defendant to be eligible for such a reduction, the Sentencing Commission must have amended the guideline at issue, that amendment must have lowered the defendant's applicable sentencing range under the Guidelines, and the amendment must also be listed in U.S.S.G. § 1B1.10(d).  *See* 18 U.S.C.

5

§ 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & cmt. n.1(A).  The applicable guideline range is the defendant's guideline range before any departures or variances. U.S.S.G. § 1B.10 cmt. n.1(A).  When determining the extent to which a reduction in a defendant's term of imprisonment is warranted under § 3582(c)(2), a court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced," but "shall leave all other guideline application decisions unaffected."  *Id.* § 1B1.10(b)(1).

Even if § 3582(c)(2)'s base requirements are met, however, a defendant "is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing."  *Glover*, 686 F.3d at 1206.  In *Glover* we explained that "[t]he purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines."  *Id.*  In other words, § 3582(c)(2) "gives the defendant an opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment."[2]  *Id.*

---

[2] We reject Tolliver's assertion that that Amendment 780 abrogated *Glover* in its entirety. In *Glover,* we considered whether a defendant who was sentenced to life imprisonment was eligible for a sentence reduction pursuant to a retroactive amendment to the Guidelines.  686 F.3d at 1206-07.  We held that the defendant was ineligible for a sentence reduction. Amendment 780 later clarified that, where an offender provides substantial assistance to the government so as to become eligible for a sentence below a statutory mandatory minimum, a court should not consider the mandatory minimum when ruling on the offender's § 3582(c)(2) motion.  Although Amendment 780 may have undermined *Glover*'s

We are unpersuaded by Tolliver's argument that the district court erred when it denied his motion for a sentence reduction.  If Amendment 782 had been in effect at the time of Tolliver's sentencing, he would not have been eligible for the one-level reduction under § 3E1.1(b) because his initial offense level would have been below 16.  *See* U.S.S.G. § 3E.1.1(b).  Therefore, in order to comply with § 1B1.10(b)(1), the district court could not have awarded the one-level reduction under § 3E1.1(b).  *See Glover*, 686 F.3d at 1206.

Tolliver also argues that the district court erred because § 1B1.10(b)(1) states that a court should leave other guideline application decisions unaffected after substituting the retroactive changes.  This argument similarly fails.  Although § 1B1.10(b)(1) prevents courts from conducting *de novo* resentencing hearings when evaluating a § 3582(c)(2) motion, it does not prevent a court from ensuring that a defendant's amended guideline range accounts for any effects to other guidelines that a change to a defendant's base offense level may create.  Indeed, § 1B1.10(b)(1)'s commentary contemplates the situation where the "operation of another guideline" prevents the lowering of the amended guideline range.  U.S.S.G. § 1B.10 cmt. n.1(A).  In this case, the retroactive change to Amendment 782 rendered Tolliver ineligible for a § 3E1.1(a) reduction because his base offense

---

conclusion that a defendant could not receive a new sentence below the statutory minimum in a § 3582(c)(2) proceeding, the Amendment leaves intact *Glover*'s principle reasoning:  the overarching purpose of § 3582(c)(2) is to sentence a defendant as if the retroactively changed guideline was in place at the time of the defendant's original sentencing.  *See id.* at 1206.

dropped to 14 after the application of the amendment.  The district court complied with the purposes of § 3582(c)(2) and § 1B1.10(b)(1) by declining to include the reduction in its amended guideline calculation.

Tolliver's final argument also fails to persuade us.  He contends that *Dillon v. United States* required the district court to leave his acceptance of responsibility adjustment unaltered.  In *Dillon*, the Supreme Court considered whether a district court properly declined to address challenges to aspects of the defendant's original sentence that were unaffected by Amendment 706, which, like Amendment 782, altered the drug quantity table.  560 U.S. 817, 831 (2010).  Dillon contended that the district court should have corrected two mistakes committed at the initial sentencing involving the sentencing court's treatment of the guidelines as mandatory and its calculation of the defendant's criminal history category.  *Id.*  But relying on § 1B1.10(b)(1), the Supreme Court concluded that the sentencing court did not err in refusing to consider these purported mistakes because the district court's original determinations were unchanged by Amendment 706, and, therefore, were outside the scope of the proceeding as authorized by § 3582(c)(2).  *Id.*

*Dillon* makes clear that under § 3852(c)(2), a district court cannot correct a sentencing error (unless recognized by the retroactive amendment) from the initial sentencing because that would amount to a resentencing, which § 3582(c)(2) does

not authorize.  But that situation does not present itself here.  Unlike in *Dillon*, where the error occurred in the initial sentencing, the "error" that Tolliver alleges occurred upon resentencing after Amendment 782.  Moreover, as discussed above, the district court committed no error in that sentencing.  The district court's removal of the one-level acceptance-of-responsibility reduction was not the re-litigation of a prior guideline application issue, but rather was the result of the proper calculation of Tolliver's guideline range after the application of Amendment 782's changes.

## IV.

For the foregoing reasons, we affirm the district court's order reducing Tolliver's sentence.

**AFFIRMED.**

9