**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DETRICK LARON FORD,

    Defendant - Appellant.

No. 16-6280
(D.C. No. 5:02-CR-00171-M-1)
(W.D. Okla.)

_____

**ORDER**
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

This matter is before us on the *Motion for Panel Rehearing Pursuant to Federal Rule of Appellate Procedure 40* filed by *pro se* Appellant Detrick Laron Ford. Upon careful consideration, Mr. Ford's motion for panel rehearing is granted in part to the extent of the modifications in the attached revised order and judgment. Our August 1, 2017 order and judgment is withdrawn and replaced by the attached revised order and judgment.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

by: Chris Wolpert
Chief Deputy Clerk

FILED
United States Court of Appeals
Tenth Circuit

August 21, 2017

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DETRICK LARON FORD,

     Defendant - Appellant.

No. 16-6280
(D.C. No. 5:02-CR-00171-M-1)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Detrick Laron Ford, proceeding pro se,[1] appeals the district court's denial of

his request for a sentence reduction under 18 U.S.C. § 3582(c). Exercising

jurisdiction under 28 U.S.C. § 1291, we conclude Mr. Ford was ineligible for a

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] Because Mr. Ford proceeds pro se, we construe his filings liberally. *See
Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v.
Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's]
arguments liberally; this rule of liberal construction stops, however, at the point at
which we begin to serve as his advocate.").

reduced sentence, vacate the district court's order denying the motion, and remand

for dismissal for lack of jurisdiction.

## I.  BACKGROUND

### A. *Guilty Plea and Initial Sentencing: Offense Level of 35, Range of 292 to 365 Months*

On November 14, 2002, Mr. Ford pled guilty to possession with intent to

distribute phencyclidine ("PCP"), in violation of 21 U.S.C. § 841(a)(1).  At Mr.

Ford's May 7, 2003 sentencing hearing, the parties stipulated that "the base offense

level regarding the drug quantity would be appropriately determined to be a level

36."  ROA, Vol. 1 at 101-02.  Under the 2002 United States Sentencing Guidelines

("U.S.S.G." or "Guidelines") then in effect, this base offense level of 36

corresponded to the 10 to 30 kilograms of PCP stated in the plea agreement.  *See*

U.S.S.G. § 2D1.1(c)(2) (2002).[2]  We refer to this base offense level as Mr. Ford's

"drug-quantity base offense level."  In accepting the parties' stipulation, the court

rejected the higher drug quantity that had been proposed in the Presentence

Investigation Report ("PSR") and noted that Mr. Ford's objections to the PSR drug

quantity were moot.

The district court then applied a two-level enhancement under U.S.S.G.

§ 2D1.1(b)(1) for possessing a firearm during the commission of the offense and a

---

[2] The parties stipulated in the plea agreement that "the government [was] aware of at least 10 kilograms but less than 30 kilograms of a mixture or substance containing a detectable amount of [PCP] attributable to [Mr. Ford]."  ROA, Vol. 1 at 29.

three-level reduction under U.S.S.G. § 3E1.1 for Mr. Ford's acceptance of responsibility. Combining the drug-quantity base offense level of 36, a two-level firearm enhancement, and a three-level acceptance of responsibility reduction, the district court adjusted Mr. Ford's offense level to 35 (36 + 2 − 3).

Mr. Ford's prior felony convictions qualified him as a "career offender" under U.S.S.G. § 4B1.1, increasing his criminal history category under the Guidelines from IV to VI. *See* U.S.S.G. § 4B1.1(b).[3] But his career offender designation did not ultimately determine his offense level. The Guidelines set his career-offender base offense level at 34. After applying the three-level reduction based on Mr. Ford's acceptance of responsibility, his total career-offender offense level was 31. The Guidelines provide that if the career-offender offense level is greater than the offense level otherwise applicable, the career-offender offense level applies. *See id.* Because Mr. Ford's career-offender offense level was *lower* than the drug-quantity offense level, the district court applied the latter—35.

Based on an adjusted offense level of 35 and a criminal history category of VI, his resulting Guidelines range was 292 to 365 months in prison. The district court sentenced Mr. Ford to 292 months.

---

[3] U.S.S.G. § 4B1.1 applies to "career offenders" who are at least 18 years old at the time of committing "the instant offense of conviction," whose "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense," and who have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines provide that a career offender's criminal history category "in every case" shall be Category VI. *Id.*

## B. *Prior Motions for Sentence Reduction*

On June 11, 2008, Mr. Ford and the Government filed a joint motion under § 3582(c)(2) and Amendment 706 to reduce his sentence.[4] On June 24, 2008, the court granted the motion, applied a drug-quantity base offense level of 34, made the same adjustments as before for the firearm possession and acceptance of responsibility, and arrived at an adjusted offense level of 33 (34 + 2 − 3). This resulted in an advisory Guidelines range of 235 to 293 months in prison. The court reduced Mr. Ford's sentence to 235 months.

On February 24, 2012, Mr. Ford moved to reduce his sentence under § 3582(c)(2) and Amendment 750.[5] The Government opposed the motion, and the district court denied it, holding that Amendment 750 did not reduce his Guideline range.[6]

## C. *Current Motion for Sentence Reduction Denied*

On January 6, 2015, Mr. Ford filed his current motion for sentence reduction under § 3582(c)(2) and Amendment 782, which effectively lowered the Guidelines minimum sentences assigned to drug quantities under § 2D1.1. *See United States v.*

---

[4] Amendment 706 lowered the base offense level assigned to quantities of crack cocaine. *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008).

[5] Like Amendment 706, Amendment 750 lowered the base offense levels assigned to various quantities of crack cocaine. *United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013). The Amendment 750 issue is not before us.

[6] Mr. Ford moved for reconsideration, but the district court denied his motion. He also appealed, but this court dismissed his appeal as untimely.

*Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016). The district court denied the motion on September 7, 2016.[7] It explained, incorrectly, that at the June 24, 2008 sentence reduction hearing on the first motion, "[Mr. Ford's] total offense level was calculated pursuant to United States Sentencing Guideline § 4B1.1, the career-offender provision. Since [Mr. Ford's] sentence was determined by the career-offender provision and not the drug guidelines (which Amendment 782 pertains to)," the court found Mr. Ford ineligible for another sentence reduction. ROA, Vol. 1 at 121.[8] This description of how the first motion was resolved is inaccurate because the district court granted that motion and lowered the base offense level and sentence based on a drug-quantity calculation, not a career-offender calculation.

---

[7] Courts apply the Guidelines version "in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." *See* U.S.S.G. § 1B1.10 cmt. n.8 (2015). Our analysis of Mr. Ford's amended sentence uses the 2015 Guidelines, the version in effect when the district court ruled on the motion.

[8] To provide context for the district court's explanation, we note that when a defendant has been sentenced based on a career-offender base offense level under U.S.S.G. § 4B1.1(b), an amendment to the drug quantity table at § 2D1.1(c) provides no relief because the amendment would not lower the applicable Guidelines range. *See, e.g.*, *United States v. Fisher*, 658 F. App'x 363, 364 (10th Cir. 2016) (unpublished); *see also United States v. Faison*, 671 F. App'x 755, 756 (11th Cir. 2016) (unpublished) ("[W]hen a drug offender is sentenced under the career-offender guideline in § 4B1.1, the guidelines range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1.").

We find instructive the unpublished cases cited in this order. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

## II. DISCUSSION

On appeal, Mr. Ford and the Government agree that the district court misstated the reason it granted Mr. Ford and the Government's first motion for a sentence reduction. Mr. Ford argues his sentencing range under Amendment 782 should be reduced to 188 to 235 months. The Government argues the district court's misstatement in denying the motion was harmless because the Guidelines range remains at 235 to 293 months even under Amendment 782, and Mr. Ford's current sentence is already at the bottom of that range. We conclude that Mr. Ford is ineligible for a sentence reduction and the district court's misstatement was harmless.

### A. *Standard of Review*

"We review a denial of a § 3582(c)(2) motion for abuse of discretion." *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013). The scope of a district court's authority to reduce a sentence under § 3582(c)(2), however, is a question of law we review de novo. *Id.*

### B. *Legal Background*

1. **Sentence Calculation**

Section 2D1.1 of the Guidelines lays out the calculation of base offense levels for drug offenses based on the amount of drugs attributable to the defendant. *See United States v. Killion*, 7 F.3d 927, 930 (10th Cir. 1993). The Drug Quantity Table listed in § 2D1.1(c) groups controlled substances by quantity and corresponding base offense level. Amendment 782, which took effect in November 2014, reduced by two the base offense levels ascribed to many drug offenses listed under § 2D1.1.

- 6 -

*United States v. Gutierrez*, 859 F.3d 1261, 1268 (10th Cir. 2017). The base offense level is then subject to adjustment based on a number of possible factors, including special offense characteristics (e.g., possession of a firearm during the offense). The final step in determining the offense level is factoring in any reduction based on the offender's acceptance of responsibility under U.S.S.G. § 3E1.1.

If the defendant is a career offender, the Guidelines instruct the court to compare the career-offender offense level with the offense level that would apply in the absence of the career-offender provision. U.S.S.G. § 4B1.1(b); *see United States v. Darton*, 595 F.3d 1191, 1192-93 (10th Cir. 2010). "If an adjustment from §3E1.1 (Acceptance of Responsibility) applies," the Guidelines instruct courts to "decrease the [career-offender base] offense level by the number of levels corresponding to that adjustment." U.S.S.G. § 4B1.1(b). If the career-offense level exceeds the offense level otherwise applicable, the career-offense level applies. *Id.*

2. **Sentence Reduction Under § 3582(c)**

A district court may modify a defendant's sentence only when Congress has expressly granted the court jurisdiction to do so, *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014), which Congress did in § 3582(c), *United States v. Baker*, 769 F.3d 1196, 1198 (10th Cir. 2014). As relevant to this appeal, § 3582(c)(2) permits a district court to modify a sentence when the United States Sentencing Commission has lowered the Guidelines range. *See* 18 U.S.C. § 3582(c); *United States v. Henriquez-Serrano*, 327 F. App'x 766, 768 (10th Cir. 2009) (unpublished).

Section 3582(c)(2) calls for "a two-step inquiry. A court must [(1)] first determine that a reduction is consistent with § 1B1.10 before it may [(2)] consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Mr. Ford's motion does not make it past the first step.

At step one, the court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. Section 1B1.10(b)(1) requires the court to:

> [D]etermine the amended guideline range that would have been applicable to the defendant if the [relevant] amendment[] . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the [relevant] amendment[] . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2) further provides that courts generally may "not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. U.S.S.G. § 1B1.10(b)(2)(A).[9]

---

[9] U.S.S.G. § 1B1.10(b)(2)(B) allows the court to reduce a sentence below the amended Guidelines range if the original sentence was below the original Guidelines range based on a government motion to reduce the offense level for the defendant's substantial assistance to authorities under § 5K1.1. Subsection B is inapplicable to this case.

Under § 3582(c)(2), "the applicable Guidelines range must have been lowered by an amendment to the Guidelines listed in . . . the Guidelines Manual." *United States v. Washington*, 655 F. App'x 714, 716 (10th Cir. 2016) (unpublished) (citing U.S.S.G. § 1B1.10 cmt. n.1(A)). When a defendant's offense level would be the same after applying the amendment, the amendment does not affect the defendant's Guidelines range, and the defendant is ineligible for a sentence reduction. *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *see also United States v. Bishop*, 639 F. App'x 518, 520 (10th Cir. 2016) (unpublished). That is what happened here.

## C. *Analysis*

Because Amendment 782 does not ultimately lower Mr. Ford's applicable Guideline range, he is not eligible for a reduction under § 3582(c)(2).

The parties dispute the drug quantity attributable to Mr. Ford, but that issue was resolved at the original sentencing on May 7, 2003. The Government points out that the parties stipulated then that Mr. Ford's base offense level was 36, which—at that time—corresponded to a drug quantity of 10 to 30 kilograms of PCP.[10] Mr. Ford argues that he never stipulated to a set quantity of drugs and notes that he raised objections to the drug quantities in the PSR. But the district court did not adopt the drug quantity proposed in the PSR, which was higher than the range to which the

---

[10] This drug quantity was based on the amount stated in the plea agreement, in which the parties stipulated that the "government [was] aware of at least 10 kilograms but less than 30 kilograms of a mixture or substance containing a detectable amount of [PCP] attributable to this defendant." ROA, Vol. I at 29.

parties stipulated.[11]  The district court further noted that the parties' stipulation rendered Mr. Ford's objections to the PSR moot.

Under Amendment 782, the drug-quantity base offense level corresponding to 10 to 30 kilograms of PCP is 34.  *See* U.S.S.G. app. C, Amend. 782.  Adjusted for possession of a firearm and acceptance of responsibility, Mr. Ford's offense level is 33.  Because Mr. Ford is a career offender, we must determine the impact of that designation on his sentencing range.  The Guidelines set Mr. Ford's career-offender base offense level at 34.  After applying a three-level reduction based on Mr. Ford's acceptance of responsibility, his total career-offender offense level is 31.[12]  Because the career-offense level of 31 is lower than the otherwise applicable offense level of 33, the Guidelines make the drug-quantity offense level of 33 the applicable one here.  Coupled with the career-offender mandatory criminal history category of VI, Mr. Ford's Guidelines range is 235 to 293 months in prison—the same range on which his current sentence is based.[13]

---

[11] The PSR recommended holding Mr. Ford accountable for the marijuana equivalent of 80,798.6 kilograms, which corresponded with a base offense level of 38.  The base offense level of 36 assigned by the district court corresponded with 10,000-30,000 kilograms of marijuana equivalent, or 10 to 30 kilograms of PCP.

[12] Mr. Ford argues that the two-level firearm enhancement does not factor into the career-offense level, and he is correct.  The enhancement does factor into the drug-quantity offense level, however, which is the applicable offense level here.

[13] As explained above, Mr. Ford's drug-quantity Guidelines range was calculated based on a criminal history category of IV, but U.S.S.G. § 4B1.1(b) requires that defendants sentenced under the career-offender guideline are

Continued . . .

Amendment 782 therefore does not reduce Mr. Ford's applicable Guidelines range, and his current sentence is already at the bottom of that range. *See United States v. Muldrow*, 612 F. App'x 508, 512 (10th Cir. 2015) (unpublished) (finding defendant ineligible for sentence reduction when Amendment 782 did not reduce the applicable Guidelines range). The district court's misstatement in denying Mr. Ford's motion was thus harmless. *See United States v. Ollson*, 413 F.3d 1119, 1120 (10th Cir. 2005) ("An error with respect to sentencing does not affect substantial rights when it did not affect the sentence imposed by the district court.").[14]

### III. **CONCLUSION**

For the foregoing reasons, Mr. Ford is ineligible for a sentence reduction. Rather than deny his motion on the merits, the district court should have dismissed it for lack of jurisdiction. *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013). We vacate the district court's order denying Mr. Ford's motion and remand

---

"assign[ed] . . . a criminal history category of VI." *See also Darton*, 595 F.3d at 1193. Mr. Ford does not dispute this point.

[14] Federal Rule of Criminal Procedure 52(a) states that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *See United States v. Ollson*, 413 F.3d 1119, 1120 (10th Cir. 2005) (applying Rule 52(a) to sentencing error); *United States v. Robertson*, 344 F. App'x 489, 491-92 (10th Cir. 2009) (unpublished) (applying Rule 52(a) to alleged sentence reduction error).

with instructions to enter an order dismissing for lack of jurisdiction.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge