17-896-cr
*U.S. v. Carosella*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2017

(Argued: February 7, 2018     Decided: February 22, 2018)

Docket No. 17-896-cr

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

TODD JARVIS, AKA MIKE HUNT, WAKETA COLEMAN, AKA MA, ANDRE
MALDONADO, AKA GONZO, KENNETH MITCHELL, AKA BEAVER, DANA BROWN,
KEVIN LADD, SCOTT LADUKE, AKA SCOTT CLARK,

*Defendants,*

ANTHONY CAROSELLA,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

Before:

WALKER, LYNCH, and CHIN, *Circuit Judges*.

Appeal from a final order of the United States District Court for the District of Vermont (Murtha, *J.*) denying defendant-appellant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines. Defendant-appellant contends that the district court erred in concluding that his amended Guidelines range remained the same, rendering him ineligible for a sentence reduction.

AFFIRMED.

---

PAUL J. VAN DE GRAAF, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *on the brief*), *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, Vermont, *for Appellee*.

BARCLAY T. JOHNSON, Assistant Federal Public Defender, *for* Michael L. Desautels, Federal Public Defender for the District of Vermont, Burlington, Vermont, *for Defendant-Appellant*.

---

PER CURIAM:

In this case, defendant-appellant Anthony Carosella pleaded guilty to conspiracy to distribute cocaine base and heroin, conspiracy to commit armed robbery, and conspiracy to burglarize pharmacies and was sentenced in 2011 to concurrent 120-month terms of imprisonment. In 2016, Carosella moved to

reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Guidelines ("U.S.S.G."), which lowered the base offense level for his drug conviction by two levels. The district court determined that Carosella was ineligible for a sentence reduction because, even with the two-level decrease in the offense level for the drug conviction, his amended Guidelines range remained the same as it was when he was initially sentenced. Carosella now appeals, arguing that the district court erred in recalculating his Guidelines range. For the reasons set forth below, we disagree and affirm the district court's ruling.

## BACKGROUND

On May 5, 2011, pursuant to his guilty pleas to three counts of a superseding information, the district court sentenced Carosella to concurrent 120-month terms of imprisonment for: conspiracy to distribute cocaine base and heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846; conspiracy to commit armed robbery in violation of 18 U.S.C. § 1951(a); and conspiracy to burglarize pharmacies in violation of 18 U.S.C. §§ 2118(b) and (d), which encompassed three separate pharmacy burglaries. At sentencing, the court divided Carosella's offenses into five groups: Group 1 (drugs); Group 2 (armed

robbery); Group 3 (the first pharmacy burglary); Group 4 (the second pharmacy burglary); and Group 5 (the third pharmacy burglary). The court applied the grouping rules under U.S.S.G. § 3D1.4, calculated a total offense level of 30, and then granted credit for acceptance of responsibility, resulting in an adjusted total offense level of 27. Based on Carosella's Category IV criminal history, the court determined that the Guidelines range was 100 to 125 months. The court denied Carosella's request for a non-Guidelines sentence.

In 2014, Amendment 782 to the Guidelines, made retroactively applicable by Amendment 788, lowered the base offense level for Carosella's drug conviction by two levels. On December 2, 2016, Carosella filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

On March 16, 2017, the district court issued an order denying Carosella's motion. *United States v. Carosella*, No. 1:10-CR-110 (JGM), 2017 WL 1025806, at *1 (D. Vt. Mar. 16, 2017). After lowering the offense level for Carosella's drug conviction (Group 1) from 28 to 26, the court determined the amended Guidelines range by following the same grouping analysis it used in 2011. As it had done before, the district court applied the grouping rules under U.S.S.G. § 3D1.4, and the resulting calculation was again a total offense level of

30. The court again granted credit for acceptance of responsibility, resulting once more in an adjusted total offense level of 27.

Because of the operation of the grouping rules, Carosella's total offense level did not change. Pursuant to U.S.S.G. § 3D1.4, the district court added two levels -- which it had not added in 2011 -- because the lowered base offense level also lowered the differential between the highest offense level (Group 1) and the offense level for the three pharmacy burglaries (Groups 3, 4 and 5).[1] That two-level increase offset the two-level decrease from Amendment

---

[1] In 2011, the offense level for the drug conviction (Group 1) was 28 and the offense level for each of pharmacy burglaries (Groups 3, 4, and 5) was 19. Because the difference between the offense level for Group 1 and each of Groups 3, 4, and 5 was nine levels, no additional units were assigned to the pharmacy burglaries. *See* U.S.S.G. § 3D1.4(c) (In determining the combined offense level, "[d]isregard any Group that is 9 or more levels less serious than the Group with the highest offense level."). Applying U.S.S.G. § 3D1.4, the court assigned one unit to Group 1, one unit to Group 2, and zero units to Groups 3, 4, and 5. The total of two units corresponded to a two-level increase to the group with the highest offense level, 28, resulting in a total offense level of 30.

In 2016, the offense level for Group 1 was reduced from 28 to 26, pursuant to Amendment 782, and the offense levels for all other groups were unchanged. Because the difference between the offense level for Group 1 and each of Groups 3, 4, and 5 was now seven levels rather than nine levels, the district court assigned one-half unit to each of the pharmacy burglaries. *See* U.S.S.G. § 3D1.4(b) (In determining the combined offense level, "[c]ount as one-half Unit any Group that is 5 to 8 levels less serious than the Group with the highest offense level."). Applying U.S.S.G. § 3D1.4, the court again assigned one unit to Group 1 and one unit to Group 2, and this time it assigned one-half unit to each of Groups 3, 4, and 5. The total of three-and-one-half units corresponded to a four-level increase to the group with the highest offense level, 26, resulting in a total offense level of 30 -- the same level calculated at Carosella's initial sentencing in 2011.

782. Accordingly, the district court concluded that Carosella's amended Guidelines range remained the same and he was therefore ineligible for a sentence reduction.

On appeal, Carosella argues that the district court erred by adding the two levels after lowering the base offense level for his drug conviction, because U.S.S.G. § 1B1.10(b)(1) mandates that a district court "shall leave all other guideline application decisions unaffected" when applying a retroactive amendment. Instead, Carosella argues that the only change the district court should have made was to apply the two-level decrease from Amendment 782, which would have yielded a total offense level of 28, an adjusted total offense level of 25, and an amended Guidelines range of 84 to 105 months' imprisonment. Carosella also contends that, to the extent the language in U.S.S.G. § 1B1.10(b)(1) is ambiguous, the rule of lenity applies.

### DISCUSSION

We review *de novo* the statutory question of whether a defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because his sentence was "based on a sentencing range that was subsequently lowered by the Sentencing Commission." *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013).

**A.** *Applicable Law*

A defendant is eligible for a sentence reduction if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see Dillon v. United States*, 560 U.S. 817, 821, 826 (2010).

The scope of resentencing authorized under 18 U.S.C. § 3582(c)(2) is "narrow." *Dillon*, 560 U.S. at 826. Under U.S.S.G. § 1B1.10, a district court must "'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing," and "'shall leave all other guideline application decisions unaffected.'" *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). We are "bound by" language in the Sentencing Commission's policy statement providing that a sentence reduction is not authorized if "'an amendment [to the Guidelines range] . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.'" *United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009) (alteration in original) (quoting U.S.S.G. § 1B1.10 cmt. 1(A)).

- 7 -

Moreover, "[t]he 'sentencing range' that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence." *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

**B.** *Application*

We conclude that the district court correctly determined that Carosella was ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c). Under U.S.S.G. § 1B1.10(b)(1), the district court had to calculate the amended Guidelines range that "'would have been applicable to [Carosella]'" had Amendment 782 "been in effect at the time of the initial sentencing" in 2011. *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). That calculation required the district court to lower the base offense level of Carosella's drug conviction and follow the process it would have used in 2011 to determine Carosella's sentencing range. In doing so, the district court correctly concluded that there was no change to the "bottom-line, final range that was the basis for [Carosella's] sentence," *Taylor*, 778 F.3d at 672, "because of the operation of another guideline," *Williams*, 551 F.3d at 186 (quoting U.S.S.G. § 1B1.10 cmt. 1(A)) -- the grouping rules provided in U.S.S.G. § 3D1.4.

Carosella argues that this interpretation is inconsistent with language in U.S.S.G. § 1B1.10(b)(1) mandating that district courts "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). But the court's 2011 grouping calculation was not a "guideline application *decision*[]" that we must leave "unaffected," *id.* (emphasis added) -- rather, it was a mechanical application of the grouping rules provided in U.S.S.G. § 3D1.4. *See United States v. Waters*, 648 F.3d 1114, 1117–18 (9th Cir. 2011) (rejecting a similar challenge to the court's reliance on the offense level specified by the career offender guideline to recalculate an amended Guidelines range, because at the initial sentencing, "[t]he district court's decision to apply the offense level from §§ 2D1.1 and 3B1.4 rather than § 4B1.1(b) [the career offender guideline] was not an 'application decision' within the meaning of § 1B1.10(b). It was an *application* of § 4B1.1(b)." (emphasis in original)).

The language Carosella relies on does *not* require courts to ignore the effect of a lowered base offense level on the other Guidelines provisions that, combined with original base offense level, produced the defendant's initial sentencing range. *See United States v. Ford*, 699 F. App'x 812, 817–18 (10th Cir. 2017) (unpublished) (applying career offender guideline under U.S.S.G.

§ 4B1.1(b), after lowering base offense level pursuant to Amendment 782); *United States v. Koglin*, 822 F.3d 984, 987 (7th Cir. 2016) (denying defendant eligibility for two-level reduction under U.S.S.G. § 2D1.1(a)(5), after lowering base offense level pursuant to Amendment 782); *United States v. Tolliver*, 659 F. App'x 560, 563–64 (11th Cir. 2016) (denying defendant eligibility for one-point reduction under U.S.S.G. § 3E1.1(b), after lowering base offense level pursuant to Amendment 782); *United States v. Quinn*, 576 F.3d 292, 295–96 (6th Cir. 2009) (approving district court's application of grouping rules under U.S.S.G. § 3D1.4, after lowering base offense level pursuant to Amendment 706, to calculate amended Guidelines range).

Because we now join our sister Circuits in concluding that U.S.S.G. § 1B1.10(b)(1) unambiguously does not support Carosella's interpretation, the rule of lenity does not apply. *See United States v. Simpson*, 319 F.3d 81, 87 (2d Cir. 2002) (in order for the rule of lenity to apply to a Guideline, the Guideline "must be ambiguous").

## CONCLUSION

The judgment of the district court is **AFFIRMED**.