United States v. Kupa

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          PIERRE N. LEVAL,
          CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
          Appellee,

          -v.-                              18-1518

AFRIM KUPA,
          Defendant-Appellant,

1

**KEITH LEVINE, AKA TUTTI, NEIL LOMBARDO, JOSEPH SCLAFANI, LULZIM KUPA, NEZER PAPRANIKU, ALBERT CRISCI, JOSEPH IDA, CARMEN MARTUCCI,**
                    <u>**Defendants.**</u>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    Afrim Kupa, <u>pro se</u>, Danbury, CT.

FOR APPELLEE:                    Susan Corkery, Robert T. Polemeni,
                                 Assistant United States Attorneys,
                                 <u>for</u> Richard P. Donoghue, United
                                 States Attorney for the Eastern
                                 District of New York, Brooklyn, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Afrim Kupa, proceeding <u>pro se</u>, moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence for conspiracy to distribute cocaine based on Amendment 782 to the United States Sentencing Guidelines. The district court denied the motion, reasoning that Kupa was ineligible because application of the amendment would not have lowered Kupa's Guidelines range. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if the sentence was based on a Guidelines range that was subsequently lowered by the Sentencing Commission. <u>See</u> 18 U.S.C. § 3582(c)(2). We review <u>de novo</u> a district court's determination as to

2

whether a defendant is eligible for a sentence reduction.  United States v. Christie, 736 F.3d 191, 195 (2d Cir. 2013).

"Amendment 782 . . . amended the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce the offense levels associated with certain controlled substances crimes by two levels."  United States v. Leonard, 844 F.3d 102, 106 (2d Cir. 2016); see also U.S.S.G. Supp. to App'x C, amend. 782.  Amendment 788 permits Amendment 782 to be applied retroactively.  See U.S.S.G. Supp. to App'x C, amend. 788.  But Kupa's Guidelines range was unaffected by the amendment, because his original base offense level of 32 was reduced by two levels for playing a minor role in the offense.  Had Amendment 782 been in effect at the time Kupa was sentenced, his resulting base offense level, 30, would have been too low to receive any reduction for minor role.  U.S.S.G. § 2D1.1(a)(5) (2012 Guidelines) (minor role reduction applies only when base offense level is 32 or higher).

Kupa argues that that the district court should have reapplied the minor role reduction after it applied the Amendment 782 reduction because a district court "shall leave all other guideline application decisions unaffected" when determining a defendant's eligibility for a sentence reduction.  U.S.S.G. § 1B1.10(b)(1).  However, a reduction pursuant to Amendment 782 is "not authorized under 18 U.S.C. § 3582(c)(2)" if it "does not have the effect of lowering the defendant's applicable guideline range."  Id. at § 1B1.10(a)(2)(B). The court is not required "to ignore the effect of a lowered base offense level on the other Guidelines provisions that, combined with [the] original base offense level, produced the defendant's initial sentencing range."  United States v. Jarvis, 883 F.3d 18, 22 (2d Cir. 2018) (per curiam).  In Jarvis, the defendant would have received a 2-level reduction in his base offense level, but due to how the Guidelines calculated the total offense level for "grouped" offenses, his Guidelines range remained unchanged.  Id.  Similarly, the application of Amendment 782 to Kupa's base offense level meant that another Guideline--the minor role reduction--could no longer apply to his calculation.  See id.; see also United States v. Koglin, 822 F.3d 984, 987 (7th Cir. 2016) (defendant ineligible for sentence reduction where a minor role reduction had lowered base offense level from 32 to 30, because amended base offense level of 30 would make defendant

3

ineligible for minor role reduction).   Accordingly, the district court properly determined that Kupa was ineligible for a sentence reduction.

We have considered all of Kupa's remaining arguments and find them to be without merit.   For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK