Satymbaev v. Bondi

BIA
Driscoll, IJ
A220 836 341

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of July, two thousand twenty-five.

PRESENT:
　　　　DENNY CHIN,
　　　　RAYMOND J. LOHIER, JR.,
　　　　EUNICE C. LEE,
　　　　　　*Circuit Judges.*
_____

CHYNGYZ SATYMBAEV,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　　22-6504
　　　　　　　　　　　　　　　　　　　　　NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Godfrey Y. Muwonge, Milwaukee, WI.

**FOR RESPONDENT:**	Brian Boynton, Principal Deputy Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chyngyz Satymbaev, a native of Kyrgyzstan and citizen of Russia, seeks review of a September 22, 2022 decision of the BIA affirming an April 18, 2022 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chyngyz Satymbaev*, No. A220 836 341 (B.I.A. Sept. 22, 2002), *aff'g* No. A220 836 341 (Immigr. Ct. Batavia Apr. 18, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). An initial determination that corroborating evidence is needed is subject to de novo review, while a determination that such evidence is

2

reasonably available is a factual finding. *See Pinel-Gomez v. Garland*, 52 F.4th 523, 526, 530–31 (2d Cir. 2022). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

As an initial matter, Satymbaev has failed to exhaust dispositive grounds for the denial of relief. As the Government points out, his appeal to the BIA did not challenge the IJ's dispositive findings that he had not suffered harm rising to the level of persecution, shown that Russian officials were unable or unwilling to control the private actors who had attacked him in the past, or established that he has a well-founded fear of persecution or torture in Kyrgyzstan or Russia. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). His conclusory statement to this court that "[i]t is unfortunate that [his] counsel did not challenge [these] alternative rulings," Petitioner's Br. at 46–47, is insufficient to raise an ineffective assistance of counsel claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (recognizing that "a single conclusory sentence" is insufficient to raise a claim). In any event, such a claim is unexhausted because it was not first presented to the BIA. *See Yi Long Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007) ("We generally require that ineffective assistance claims be

3

presented in the first instance to the BIA, either through a motion to reopen or on direct appeal.").

Even setting aside Satymbaev's failure to exhaust these claims, we find no error in the agency's conclusion that Satymbaev failed to sufficiently corroborate his claims. An asylum applicant bears the burden of proof to demonstrate eligibility for relief. *See* 8 U.S.C. § 1158(b)(1)(B)(i). An applicant must establish either past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

A lack of corroboration can be an independent basis for the denial of relief

if the agency identifies reasonably available evidence that should have been presented. *Wei Sun*, 883 F.3d at 28–31. Before denying a claim solely on an applicant's failure to provide corroborating evidence, an IJ should "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Id.* at 31. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4)(D). We find no error in the agency's conclusion that Satymbaev did not adequately corroborate his claim that Russian nationalists attacked him in Russia and that he fears future harm in Kyrgyzstan on account of his political and anti-corruption opinions.

The agency did not err in requiring corroboration because Satymbaev was repeatedly unresponsive when testifying, thereby diminishing the persuasiveness of his testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Wei Sun*, 883 F.3d at 28. Further, the IJ identified the specific evidence that was missing: medical evidence that Satymbaev suffered a concussion after being attacked in Russia, which was the most significant alleged harm, and a statement from his wife who attended

5

protests with him in Kyrgyzstan, which was the primary reason he feared future harm. *See Wei Sun*, 883 F.3d at 31. The agency did not err in finding that the missing evidence was reasonably available. Satymbaev was treated for his concussion at the campus medical office of the university he attended in Russia, he conceded that he did not attempt to obtain those records, and his assumption that the records would not be available was unsupported. *See* 8 U.S.C. § 1252(b)(4)(D) (providing that no court shall reverse the decision "with respect to the availability of corroborating evidence" unless the court is "compelled to conclude that such corroborating evidence is unavailable"). In addition, a statement from Satymbaev's wife was reasonably available given his testimony that he was in contact with her, she helped him prepare his application over the phone, and he received statements from others in Kyrgyzstan. *See id.* The agency was not compelled to credit Satymbaev's explanations that the IJ failed to tell him to supply a statement from his wife and that he believed her statement would not be of much evidentiary value because "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ." *Wei Sun*, 883 F.3d at 31 (quotation marks omitted). The IJ reasonably declined to accord significant weight to other evidence, including statements from Satymbaev's

6

mother, brother, and friend and a summons to appear as a witness in an unspecified investigation conducted by the Directorate of Internal Affairs, because Satymbaev did not provide required certificates of translation. *See* 8 C.F.R. § 1003.33 ("Any foreign language document offered by a party in a proceeding shall be accompanied by an English language translation and a certification signed by the translator that must be printed legibly or typed."); Immigration Court Practice Manual Ch. 3.3(a) (same); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

There is no merit to Satymbaev's argument that the IJ should have granted another continuance to await receipt of certificates of translation. The IJ granted Satymbaev's initial request for a one-week continuance to await evidence that purportedly was in the mail, but the evidence did not arrive by the time set and Satymbaev did not ask for another continuance at his last hearing. *See Wei Sun*, 883 F.3d at 29–31 (noting that there is no statutory requirement that an IJ continue proceedings for an applicant to gather evidence and finding no requirement that an IJ sua sponte continue proceedings before denying relief for a lack of corroboration). Likewise, Satymbaev's due process arguments—that the IJ did

7

not fully consider his right to apply for relief or give him sufficient time to retain a lawyer and obtain corroborating evidence—are belied by the record. The IJ twice gave Satymbaev application forms, accepted his application, and heard testimony in support of it; the IJ provided a list of lawyers and Satymbaev had time to contact them and others, all of whom either could not speak Russian or declined to represent him; Satymbaev had time to obtain and submit several documents and statements from Kyrgyzstan; and he did not show that he was prejudiced by the lack of a continuance to obtain additional evidence, as he never submitted the missing evidence that had purportedly been in the mail. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." (quotation marks omitted)); *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotation marks omitted)).

Ultimately, the agency did not err in concluding that Satymbaev failed to satisfy his burden of proof with reliable evidence corroborating his claims. *See*

8

8 U.S.C. § 1158(b)(1)(B)(ii); *Wei Sun*, 883 F.3d at 28. The lack of corroboration is dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010); *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court