**UNITED STATES of America,**
**Appellee,**

v.

**Tyrone KING, Also Known as**
**Ty, Defendant–Appellant.**

No. 05–0081–CR.

United States Court of Appeals,
Second Circuit.

March 24, 2006.

Jack Smith, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, and Peter A. Norling, Assistant United States Attorney, on the brief), Brooklyn, New York, for Appellee.

Laura Oppenheim, Mintz & Oppenheim LLP (Steven Lloyd Brounstein, Papa, Dapola, and Brounstein, on the brief), New York, New York, for Defendant–Appellant.

Present: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. JOHN G. KOELTL, District Judge.[1]

**SUMMARY ORDER**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 24th day of March, two thousand and six.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED as to all Counts except as to Counts Ten and Eleven, that the judgement of the district court as to Counts Ten and Eleven be VACATED, and that the case be REMANDED to the district court for further proceedings consistent with this opinion.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. The government concedes on appeal that the district court's admission of the plea allocution of a co-conspirator offered to establish a conspiracy to commit murder constituted error under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The government argues, however, that this error was harmless beyond a reasonable doubt because of the limited reason for which it was offered and the overwhelming evidence of King's guilt of both counts. In order for a constitutional error to be deemed harmless, "the reviewing court must conclude beyond a reasonable doubt that a rational jury would have rendered a verdict of guilty absent the alleged error." *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir.2001). After a thorough review of the record, we conclude that the admission of Russell's plea allocution was not harmless beyond a reasonable doubt. *Cf. United States v. Santos*, 425 F.3d 86,

89 (2d Cir.2005) (holding that the government failed to establish, beyond a reasonable doubt, that the erroneous admission of defendant's statement against his co-defendants did not contribute to the jury's determination).

Appellant also raises a claim under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The government consents to resentencing under *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005), and a *Fagans* remand would normally be appropriate. However, because we now vacate appellant's conviction as to Counts Ten and Eleven, resentencing under *Fagans* is unnecessary. We expect that any future sentence will be consistent with *Booker* and *Fagans.*

We have considered appellant's other arguments and find them to be without merit.

Accordingly, for the reasons set forth above, we AFFIRM appellant's conviction on all counts appealed except Counts Ten and Eleven, VACATE his conviction as to Counts Ten and Eleven, and REMAND this case to the district court for retrial and/or resentencing consistent with this opinion.