**UNITED STATES of America,**
**Appellee,**

**v.**

**Brandy RUSSELL et al., Defendants,**

**24**

**Tyrone King, Defendant–Appellant.**

**No. 06–3513–cr.**

United States Court of Appeals, Second Circuit.

Feb. 21, 2008.

Laura Oppenheim (Steven Lloyd Brounstein, on the brief), Papa, Dapola, and Brounstein, Bayside, NY, for Appellant.

Jack Smith (Roslynn Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Emily Berger, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Tyrone King appeals from an order entered by the District Court for the Eastern District of New York (Dearie, *J.*) on July 21, 2006, resentencing him to a prison term of life plus five years. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

King challenges his sentence as procedurally unreasonable. Sentencing entails a two-step procedure. First, the district court must determine the applicable Sentencing Guidelines range; second, the court must consider that range, along with the other factors listed in 18 U.S.C. § 3553(a), and then "make an individualized assessment [of the defendant] based on the facts presented." *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007). Our review of the record assures us that Judge Dearie followed this procedure and engaged in meaningful consideration of the § 3553(a) factors, including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). *See Gall,* 128 S.Ct. at 599 ("Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").

King also argues that his sentence was substantively unreasonable. We review a sentence for reasonableness using "the deferential abuse-of-discretion standard of review that applies to all sentencing decisions." *Id.* at 598. That standard does not inquire whether this Court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* at 597. Given King's leadership role in a horrifically violent drug conspiracy (which tempted and corrupted the young men on whom it relied for its operation), we cannot conclude that the sentencing judge abused his discretion.

We have considered King's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**