*United States v. King*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty.

PRESENT:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> STEVEN J. MENASHI,
>     *Circuit Judges.*

---

United States of America,

> *Appellee*,

> v.                                                                                   19-760

Tyrone King, AKA Ty,

> *Defendant-Appellant.*[1]

---

| | |
|---|---|
| **FOR APPELLEE:** | Susan Corkery and Genny Ngai, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | Tyrone King, *pro se*, White Deer, PA. |

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court denying appellant Tyrone King's three motions under 18 U.S.C. § 3582(c)(2) is **AFFIRMED**. The appeal of King's motion pursuant to Federal Rule of Civil Procedure 60(b) challenging the denial of his habeas motion is **DISMISSED** for lack of jurisdiction.

In 2002, King was convicted of numerous racketeering, narcotics, and related charges and was sentenced principally to life imprisonment. He appealed his sentence, we affirmed in part and vacated and remanded in part, *see United States v. King*, 171 F. App'x 922 (2d Cir. 2006), and the district court resentenced him to life imprisonment. King appealed again and we affirmed, deeming his sentence procedurally and substantively reasonable. *See United States v. Russell*, 266 F. App'x 23 (2d Cir. 2008). In 2009, King filed a motion to vacate his conviction under 28 U.S.C. § 2255, which the district court denied in 2013. *See King v. United States*, No. 09-CV-4522 (RJD), 2013 WL 530834 (E.D.N.Y. Feb. 13, 2013).

Between 2016 and 2018, King filed three *pro se* motions to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on, *inter alia*, Sentencing Guidelines Amendment 782, which reduces the base offense levels for most drug crimes, and Amendment 794, which modifies the factors a sentencing court should consider in assessing a defendant's role in criminal activity. In 2017, King moved to vacate the district court's denial of his habeas motion under Federal Rule of Civil Procedure 60(b)(6). The district court denied King's § 3582(c)(2) motions, reasoning that Amendment 782 was inapplicable because the narcotics conspiracy guideline directed the court to

2

apply the first-degree murder guideline, rather than the drug quantity guideline, because a victim was killed during the course of the conspiracy. The court further concluded that Amendment 794 was inapplicable because it was not retroactive and King was not a minor participant in the criminal activity. It also denied King's Rule 60(b) motion—filed four years after the denial of his habeas motion—as untimely and not based on new developments in the law or new evidence. King, appearing *pro se*, appeals the denial of his § 3582 and Rule 60(b) motions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.      Section 3582(c)(2) Motions

Section 3582(c)(2) provides that a court may reduce the term of imprisonment of a defendant who had been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court is required to engage in a "two-step inquiry" when considering § 3582(c)(2) motions: "A court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon v. United States,* 560 U.S. 817, 826 (2010). At the first step, the amendment must, *inter alia*, be listed as retroactive in U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10(a)(2)(A). We review *de novo* the determination of whether a defendant is eligible for a sentence reduction pursuant to § 3582(c)(2). *See United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013).

We agree with the district court that King is ineligible for a sentence reduction under Amendments 782 and 794. "Amendment 782 . . . amended the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce the offense levels associated with certain controlled substances crimes by two levels." *United States v. Leonard*, 844 F.3d 102, 106 (2d Cir. 2016); *see also* U.S.S.G. Supp. to

3

App. C, Amend. 782. King's sentence for narcotics conspiracy ("Count 17") was not based on drug quantity but on his violent conduct—specifically, his role in a murder as part of the drug conspiracy. As a result, his sentence was calculated by reference to U.S.S.G. § 2A1.1, the murder guideline, not drug quantity. Applying that guideline yielded a guidelines recommendation of life imprisonment. Thus, King was ineligible for a sentence reduction because Amendment 782 did not alter the offense level for his narcotics conspiracy conviction. *See United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010) (defendant ineligible for sentence reduction where he was sentenced under a guidelines section unaffected by a guidelines amendment); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (sentencing court cannot reduce defendant's sentence if retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range").

This also forecloses King's argument that he was eligible for a reduction in his offense level for Count 18, use of a minor in furtherance of narcotics distribution. Even if Amendment 782 reduced the base offense level for that count, it would have no impact on King's guideline range of life imprisonment, given his life term on Count 17. *See United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018) ("[A] sentence reduction is not authorized if an amendment [to the Guidelines range] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." (internal quotation marks and ellipsis omitted)).

King next contends because he was not *charged* with the murder of Ronald Mitchell—who was killed during the narcotics conspiracy—Amendment 782 allows his sentence to be reduced. Not so. The murder guideline applies if, during a narcotics conspiracy, a victim is killed under circumstances that constitute murder. *See* U.S.S.G. § 2D1.1(d)(1). It does not require that a

4

defendant be charged with murder. *See id.* Moreover, in his prior appeals, we rejected King's argument that the district court should not have considered the murder at sentencing, *Russell*, 266 F. App'x 23; *King*, 171 F. App'x 922, foreclosing King's renewed attempt to obtain relief on that ground. *See United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007) ("[T]he law of the case doctrine forecloses reconsideration of issues that were decided—or that could have been decided— during prior proceedings.").

King is also ineligible for a sentence reduction pursuant to Amendment 794, which applies to defendants who are "substantially less culpable than the average participant in the criminal activity." U.S.S.G. Supp. to App. C, Amend. 794. To be eligible for § 3582(c)(2) relief, the amendment upon which King relies must be listed as retroactive in § 1B1.10(d). Amendment 794 is not. Thus, it cannot provide a basis for § 3582(c)(2) relief. *United States v. Tang Yuk*, 885 F.3d 57, 88 n.16 (2d Cir. 2018) (noting that Amendment 794 does not apply retroactively).

## II.      Rule 60(b)(6) Motion

In 2013, the district court denied King's habeas motion and declined to issue a Certificate of Appealability ("COA"). King's Rule 60(b)(6) motion, filed in 2017, challenged that denial. But to appeal an order denying habeas relief or denying a Rule 60(b) motion where the underlying judgment is the denial of habeas relief, a district court must issue a COA. *See Kellogg v. Strack*, 269 F.3d 100, 103 & n.3 (2d Cir. 2001) (per curiam). If the district court declines to issue a COA, the litigant must seek and obtain a COA from a circuit court to appeal the denial of habeas relief. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). The COA requirement is jurisdictional. *Id.* at 336; 28 U.S.C. § 2253(c). Accordingly, we construe King's appeal of the denial of his Rule 60(b) motion as a request for a COA from this Court.

5

We may issue a COA upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In the context of a Rule 60(b) motion, a COA should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right."  *Kellogg*, 269 F.3d at 104.

King has not made such a showing.  "A motion under Rule 60(b) must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  King's four-year delay between the 2013 denial of his habeas petition and 2017 filing of his Rule 60(b) motion was not reasonable.  *See Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 191 (2d Cir. 2006) ("In a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long by many courts."); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76–77 (2d Cir. 1995) (motion filed 18 months after judgment was entered was not filed in a "reasonable time" under Rule 60(b)(6)).  Additionally, all of the arguments in King's Rule 60(b) motion concerned his 2002 trial, 2005 appeal, and 2006 resentencing and had already been or could have been raised in his post-conviction submissions. He also did not claim that he had new evidence or that there was a change in law supporting his 2017 motion.  Accordingly, we decline to issue a COA because jurists of reason would not find it debatable whether the district court abused its discretion in denying King's Rule 60(b)(6) motion as untimely.

\*      \*      \*

We have reviewed the remainder of King's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court denying King's three motions under 18 U.S.C. § 3582(c)(2) is **AFFIRMED**.   The appeal of the denial of his Rule 60(b)(6) motion is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7